# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ROSSVILLE CONVENIENCE<br>& GAS, INC., *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 18-2630 (ABJ) |
| WILLIAM P. BARR, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINOIN

Plaintiffs Rossville Convenient & Gas, Inc. ("Rossville") and Mansoor N. Charaniya brought this action against William P. Barr, Attorney General of the United States; Barbara Q. Velarde, Chief of Administrative Appeals at the United States Citizenship and Immigration Services ("USCIS"); and several other officials within the Department of Homeland Security. They challenge a determination made by the Administrative Appeals Office ("AAO") of USCIS to dismiss their appeal of a USCIS decision to deny a Form I-140 Immigration Petition for Alien Worker. *See generally* Complaint [Dkt. # 1] ("Compl."). They seek declaratory, injunctive, and other forms of miscellaneous relief. Compl. at 8–9. Defendants have moved to transfer the case to the Northern or Southern Districts of Texas or, in the alternative, to dismiss the complaint for failure to state a claim. *See* Defs.' Mot. to Dismiss [Dkt. # 8] ("Defs.' Mot"); Defs.' Mem. of P. & A. in Supp. of Defs.' Mot. to Transfer or, in the Alternative, to Dismiss [Dkt. # 8-1] (Defs.' Mem.). For the following reasons, the Court will deny defendants' motion to transfer, and it will dismiss plaintiffs' complaint, but without prejudice.

## BACKGROUND

This lawsuit stems from plaintiffs' attempt to have Charaniya, a native and citizen of India, approved as an alien worker by the USCIS. Compl. ¶ 14. Charaniya was the beneficiary of a Department of Labor-approved Labor Certification filed by Rossville in 2002. Compl. ¶ 13. That Certification is required for an employer to file a Form I-140 petition – the petition for an alien worker visa. Defs.' Mem. at 4–5.

On November 5, 2003, Rossville submitted an I-140 petition on Charaniya's behalf. Compl. ¶ 14. On October 20, 2004, USCIS issued a Notice of Intent to Deny plaintiffs' petition. Compl. ¶ 15. Plaintiffs responded to USCIS with "requested evidence." Compl. ¶ 15.

On March 15, 2017, USCIS denied plaintiffs' I-140 petition, Compl. ¶ 16, and plaintiffs filed a time appeal to the Administrative Appeals Office on May 10, 2017. Compl. ¶ 17. On August 16, 2018, the AAO dismissed plaintiffs' appeal. Compl. ¶ 18.

Plaintiffs filed the three count complaint in this matter on November 15, 2018. *See* Compl. ¶¶ 19–25. As relief, they seek a declaratory judgment that they properly established Charaniya's qualifications for an Form I-140 petition approval; Charaniya properly "ported" to his new employer; and they are entitled to the process that flows from a properly filed petition; and an order that defendants must a) reopen the Form I-140 petition, b) declare that their determination that Charaniya was not eligible to port was erroneous, and c) adjudicate and approve the Form I-140 petition. Compl. at 8–9. They also seek injunction prohibiting USCIS from relying on the information contained in its allegedly erroneous prior decision to deny plaintiffs' renewed petition, as well as attorneys' fees and costs, and other relief. Compl. at 9.

On March 29, 2019, defendants moved to transfer the case to the Northern or Southern Districts of Texas, which they contend are "more appropriate" venues than the District of

Columbia. Defs.' Mem. at 7–12. Plaintiffs oppose the transfer. Pl.'s Mem. of P. & A. in Opp. to Defs.' Mot. to Transfer or Dismiss [Dkt. # 10] ("Pl.'s Opp.").[1] In the alternative, defendants moved to dismiss the complaint for failure to state a claim. *See generally* Defs.' Mem. at 12–16.

## ANALYSIS

### I. Motion to Transfer

#### A. Standard of Review

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The Court has "broad discretion" to transfer a case under section 1404. *In re Scott*, 709 F.2d 717, 719 (D.C. Cir. 1983). The defendant, as the moving party, bears the burden of establishing that transfer is proper. *Greater Yellowstone Coal. v. Bosworth*, 180 F. Supp. 2d 124, 127 (D.D.C. 2001). The decision to transfer requires an "individualized, case-by-case consideration of convenience and fairness." *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964).

The threshold question under section 1404(a) is whether the action "might have been brought" in the transferee district. 28 U.S.C. § 1404(a). This limitation imposes two prerequisites: (1) "venue must be proper in the transferee district;" and (2) "the defendants must be subject to the process of the federal court in the transferee district at the time the action was originally filed." *Relf v. Gasch*, 511 F.2d 804, 806–07 (D.C. Cir. 1975).

Venue in a civil case is proper in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

---

1  Defendants filed a Reply to plaintiffs' opposition on June 14, 2019. [Dkt. # 12] ("Defs.'s Reply").

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

If the threshold requirement of venue has been met, the Court must then go on to balance case-specific private interest and public interest factors to determine whether transfer is appropriate. *See Wilderness Soc'y v. Babbitt*, 104 F. Supp. 2d 10, 12 (D.D.C. 2000). Private interest considerations include:

(1) the plaintiffs' choice of forum, unless the balance of convenience is strongly in favor of the defendants;

(2) the defendants' choice of forum;

(3) whether the claim arose elsewhere;

(4) the convenience of the parties;

(5) the convenience of the witnesses of the plaintiff and defendant but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and

(6) the ease of access to sources of proof.

*Trout Unlimited v. U.S. Dep't of Agric.*, 944 F. Supp. 13, 16 (D.D.C. 1996). And the public interest considerations include:

(1) the transferee's familiarity with the governing laws;

(2) the relative congestion of the calendars of the potential transferee and transferor courts; and

(3) the local interest in deciding local controversies at home.

*Id.*

**B. The case will not be transferred to the Northern or Southern Districts of Texas.**

Defendants seek to transfer the case to either the Northern or Southern Districts of Texas, which they characterize as "infinitely more appropriate venues than this judicial district," Defs.' Mem. at 7, because "plaintiffs are located" there, and the case was administratively adjudicated there. Defs.' Mem. at 7. They do not argue that venue is not proper in the District of Columbia.

Based on the fact that the March 15, 2017 decision to deny plaintiffs' I-140 petition was issued in the Northern District of Texas, *see* Ex. D to Compl. [Dkt. # 1-5] ("I-140 Denial Letter") at 1,[2] plaintiffs could have brought the action in that jurisdiction. However, just because a case can be brought in one venue does not necessarily mean that it was not properly brought in another.[3]

A plaintiff is not required to "bring suit in the district where the most substantial portion of the relevant events occurred," *Modaressi v. Vedadi*, 441 F. Supp. 2d 51, 57 (D.D.C. 2006); courts are directed to undertake a "common sense appraisal" of the "events having operative significance in the case," *Lamont v. Haig*, 590 F.2d 1124, 1134 (D.C. Cir. 1978), to determine where venue is proper.

Plaintiffs identifies several reasons why venue is equally or more appropriate in the District of Columbia: defendant Barbara Q. Velarde, the Chief of the Administrative Appeals Office of

---

2    The I-140 Denial Letter, along with other documents relevant to the administrative events underlying this case, was attached as an exhibit to the complaint and is incorporated therein. *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002), citing *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624–25 (D.C. Cir. 1997).

3    Defendants also argue that the case could be brought in the Southern District of Texas because "[Rossville's] address is . . . [in] Sugarland, Texas, which is a Houston suburb," in the Southern District of Texas. Defs.' Mem. at 9. Plaintiffs, however, clarify in their opposition that the address in Sugarland is the personal address of a representative of Rossville, and not Rossville's principal place of business. Pls.' Opp. at 14. Instead, Rossville's primary place of business is in Chattanooga, Tennessee. Pl.'s Opp. at 14. Accordingly, defendants' argument that the case could be brought in the Southern District of Texas is not supported by the facts.

USCIS resides in Washington, D.C.; both Charaniya's residence and Rossville's primary place of business are in Tennessee, which is closer to the District of Columbia than Texas; the case does not involve Texas state law; the district court caseloads in Texas are greater than in the District of Columbia; and it is "unlikely . . . extensive discovery of evidence" will be uncovered in Texas. Pls.' Opp. at 11. Furthermore, the final ruling to dismiss plaintiffs' appeal by the USCIS Administrative Appeals Office was issued in Washington, D.C., where the Department of Homeland Security is headquartered. *See* Ex. F to Compl. [Dkt. # 1-10] ("Dismissal Letter") at 1. Based on these reasons, plaintiffs submit that their choice to bring the case in the District of Columbia should be upheld. Pls.' Opp. at 16.

The Court will decline to transfer the case because the public and private interests weigh more heavily against transferring the case.

1. The private factors

    i. Plaintiffs' choice of forum

Plaintiffs chose to bring the case in the District of Columbia, and the D.C. Circuit has long held that "a plaintiff's choice of forum will rarely be disturbed . . . unless the balance of convenience is strongly in favor of the defendant." *Gross v. Owen*, 221 F.2d 94, 95 (D.C. Cir. 1955). Although the initial denial of plaintiffs' I-140 petition was decided in Texas, the decision on which this case is based – the dismissal of plaintiffs' appeal of the I-140 petition denial – was issued in the District of Columbia, where the Department of Homeland Security is located. Indeed, defendant Velarde, who issued the dismissal and is sued in her official capacity as a USCIS employee, resides in the District of Columbia. These factors, along with the deference accorded to plaintiffs' choice of venue, weigh heavily against transferring the case, particularly in the

absence of any showing that the venue is at all inconvenient for the defendants, who are represented by the United States Attorney's Office for the District of Columbia.

ii. Defendants' choice of forum

Unlike plaintiffs' choice of venue, a defendant's choice is not ordinarily accorded deference unless it can "establish that the added convenience and justice of litigating in its chosen forum overcomes the deference ordinarily given to the plaintiff's choice." *Sheffer v. Novartis Pharms. Corp.*, 873 F. Supp. 2d 371, 376 (D.D.C. 2012). Here, defendants argue that "at least one [d]efendant resides in the Northern District of Texas," because that is where the I-140 denial was issued, and that "a substantial part of the events or omissions giving rise to [p]laintiffs' claims occurred in the Northern District of Texas." Defs.' Mem. at 8–9. Defendants also contend that plaintiffs' choice is entitled to less deference because it is not their home forum and there are no "meaningful ties" between the District of Columbia and the controversy at issue. Defs.' Mem. at 10.

The Court agrees that since neither plaintiff resides in the District of Columbia, their choice to bring the action here is entitled to somewhat less deference. *See New Hope Power Co. v. U.S. Army Corps of Engineers*, 724 F. Supp. 2d 90, 95 (D.D.C. 2010). Still, neither plaintiff resides in the Northern District of Texas either, only one defendant lives there, and the defendant's residence has absolutely no bearing upon a decision to be based on the applicable law and the administrative record on appeal. It is not as if anyone is going to have to testify or produce documents that have not already been gathered. So this factor only weighs slightly in favor of transferring the case, if at all.

iii. Convenience of the parties and where the claims arose

Given the similarities between the third and fourth factors in this case, the Court will analyze them together. The third factor asks where the claim arose, and when "the material events that form the factual predicate of the plaintiff's claim did not occur in the plaintiff's chosen forum, transfer is favored." *Sheffer*, 873 F. Supp. 2d at 376. The fourth factor requires to Court to determine whether one of the venues is more convenient for the parties. The Court finds that these interests are neutral. Neither party has particularly strong ties to either venue: the case involves actions by a District of Columbia-based government agency and has some District-based defendants, and the case also has Northern District of Texas connections and at least one defendant residing there. Because at least some of the material acts that are a part of the factual predicate for the claims took place in this District, while some administrative action took place in the Northern District of Texas, at best for the defendant, these two factors come out as neutral.

iv. Convenience of the witnesses

The same is true of the fifth factor – the convenience of witnesses. This consideration has been described as "the most critical factor" on a motion to transfer. *Pyrocap Int'l Corp. v. Ford Motor Co.*, 259 F. Supp. 2d 92, 97 (D.D.C. 2003). Despite its importance, however, this factor is only considered "to the extent that the witness may actually be unavailable for trial in one of the fora," *Bederson v. United States*, 756 F. Supp. 2d 38, 49 (D.D.C. 2010), which must be proven with evidence. *Id*. Here, the defense has not even suggested that this APA case will involve witnesses. And neither side argues that if there were an evidentiary hearing, any prospective witness would be unavailable. For that reason, this factor is also neutral.

v. Ease of access to sources of proof

Finally, the sixth private factor to be considered is the parties' ease of access to sources of proof. *Trout Unlimited*, 944 F. Supp. at 16. This factor is also neutral because this is a case with a paper record, and no additional discovery should be necessary in either venue. Indeed, plaintiffs are the only party to address this factor, and they reasonably point out that "extensive discovery of evidence in the Northern . . . District of Texas is unlikely." Pls.' Reply at 11.

In sum, based on a review of the private factors, and particularly in light of the rule that plaintiffs' choice of forum is entitled to deference, the Court finds that the private factors weigh more heavily in favor of not transferring the case.

2. The public factors

Next, the Court must weigh the three public interest factors, and here, it finds that when taken together, the factors come out as neutral. The first factor is "the transferee forum's familiarity with the governing laws and pendency of related actions in that forum." *Ctr. for Environ. Science, Accuracy, and Reliability v. Nat'l Park Serv.*, 75 F. Supp. 3d 353, 358 (D.D.C. 2014). Here, plaintiffs' claims arise under federal laws, which "[a]ll district courts are presumed to be equally adept at applying." *Sheffer*, 873 F. Supp. 2d at 379, citing *In re Korean Air Lines Disaster of Sept. 1, 1983*, 829 F. 2d 1171, 1175 (D.C. Cir. 1987). The first factor, accordingly, is a wash.

The second factor, which requires the Court to assess the relative congestion of each court, weighs somewhat against transferring the case as plaintiffs' opposition notes that "the calendar in the Northern . . . District of Texas [is] far more congested than the calendar in this district." Pls.' Opp. at 15.

But the final factor, the local interest in deciding the case, could weigh slightly in favor of transferring the case because plaintiffs' I-140 petition was denied in the Northern District of Texas. That interest is somewhat reduced, though, because there is minimal local interest in resolving matters related to I-140 and I-485 petitions, which are issued in accordance with federal laws and regulations, and plaintiffs' appeal, which is the primary focus of the complaint, was issued in Washington, D.C. So there is also some interest in Washington, D.C. as the seat of the federal government, where immigration policy is often developed and enforced. Viewed in their totality, then, the public interest factors come out as neutral.

After weighing the necessary public and private interest factors, the Court concludes that they do not favor transfer, and the motion to transfer will be denied.

## II. Motion to Dismiss

### A. Standard of Review

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In *Iqbal*, the Supreme Court reiterated the two principles underlying its decision in *Twombly*: "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. And "[s]econd, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 679, citing *Twombly*, 550 U.S. at 556.

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than

a sheer possibility that a defendant has acted unlawfully." *Id*. A pleading must offer more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," *id*., quoting *Twombly*, 550 U.S. at 555, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

In evaluating a motion to dismiss under Rule 12(b)(6), a court must "treat the complaint's factual allegations as true and must grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000) (internal citation omitted), quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979); *see also Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011), quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005). Therefore, when considering a motion to dismiss, a court must construe a complaint liberally in the plaintiff's favor. *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). Nevertheless, the court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the court accept plaintiff's legal conclusions. *Id.*; *see also Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). In ruling upon a motion to dismiss for failure to state a claim, a court may ordinarily consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002), citing *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624–25 (D.C. Cir. 1997).

**B. The complaint will be dismissed without prejudice for failure to state a claim.**

Defendants moved to dismiss the complaint under Rule 12(b)(6), arguing that the complaint fails to adequately allege that "[d]efendants' denial of plaintiffs' I-140 petition was arbitrary, capricious, or contrary to law in violation of the APA," Defs.' Mem. at 12, or that

defendants unlawfully denied their I-485 application, which permits an "'alien to apply for adjustment of status to that of a permanent resident.'"[4] Defs.' Mem. at 15, quoting *Mawalla v. Chertoff*, 468 F. Supp. 2d 177, 181 (D.D.C. 2007).

Defendants' motion also addresses the facts underlying plaintiffs' I-140 and I-485 petitions and the merits of the agency's determinations. *See, e.g.*, Defs.' Mem. at 14; 16. Plaintiff make a fair point when they complain that these fact-based arguments "appear[] much more like a Motion for Summary Judgment than a 12(b)(6) Motion." Pl.'s Opp. at 17. Nonetheless, plaintiffs still have an obligation to set out plausible claims in their complaint, and this they have failed to do.

In Claim I, plaintiffs allege that they are "eligible for the reopening and approval of the Form I-140, Immigrant Petition for Alien Worker," and that "[d]efendants violated [p]laintiffs' statutory right to apply for relief . . . under the INA, depriving [p]laintiffs of the ultimate opportunity to employ Mr. Charaniya . . . and for [him] to utilize the 2002 priority date to adjust status to lawful permanent residence." Compl. ¶¶ 19, 21. They also allege that they will continue to suffer harm because of defendants' actions. Compl. ¶ 20.

Plaintiffs cite section 1255(a) of the Immigration and Nationality Act, 8 U.S.C. § 1255(a), as the basis for the claim, but it is unclear from the complaint and the text of that section whether it gives rise to a right of action or in what way plaintiffs contend that the statute was violated. Section 1255(a) says that "*in his discretion*" the Attorney General *may* adjust "[t]he status of an alien who was inspected and admitted . . . into the United States . . . to that of an alien lawfully

---

4     Section 1255(a) of the Immigration and Nationality Act (the "Act"), 8 U.S.C. § 1255(a), provides that an alien worker may petition USCIS to become a lawful permanent resident under certain circumstances. To make that request, an applicant must file a Form I-485 petition. *See* Defs.' Mem. at 15. Section 1154(j) of the Act extends the right to petition for lawful permanent residence when USCIS has taken more than 180 days to adjudicate a Form I-485 petition, even if the alien's job changes in the interim. 8 U.S.C. § 1154(j). This provision is also known as the "Portability Provision." *See* Defs.' Mem. at 14–15.

admitted for permanent residence" *if* the petitioner meets three criteria: "(1) the alien makes an application for such an adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed." 8 U.S.C. § 1255(a) (emphasis added). So, the provision is discretionary, not mandatory, and there are specific criteria that must be in place before that discretion can be exercised. Since the complaint does not allege that those have been satisfied – in particular that the alien petitioner has an approved visa – Claim I does not include the factual allegations needed to support a plausible claim that plaintiffs' I-485 petition was wrongfully decided.

Claim II alleges that plaintiffs have suffered a legal wrong or have been adversely affected or aggrieved by agency action, citing 5 U.S.C. §§ 702 and 704. Compl. ¶ 22. But section 702 of the APA simply grants a person aggrieved by agency action the right to seek judicial review, essentially serving as a waiver of sovereign immunity. *See* 5 U.S.C. § 702. It does not supply the grounds for a claim. And section 704 only says that "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court" is reviewable. *Id*. § 704. Neither provision grants courts the right to set aside agency action; that right is granted under section 706, and it is only available in limited circumstances. See i*d*. § 706.

But the complaint does not cite section 706 at all. Nor does it specify what plaintiffs are asking the Court to do under that provision – compel agency action unlawfully withheld or delayed under section 706(1)? Or have the USCIS decision set aside under section 706(2)? *See* 5 U.S.C.§ 706(1) and (2). Even if one assumes that this case is being brought under section 706(2) because the agency has already acted, are plaintiffs seeking to have the action overturned under 706(2)(a) as arbitrary and capricious? To set it aside under 706(2)(b) as unconstitutional? Or to have it

overturned for exceeding the agency's statutory jurisdiction under 706(2)(c)? *See id*. § 706(2)(a)-(c).

Plaintiffs clarified in their opposition that they *meant* to allege that "USCIS violated the APA by arbitrarily denying plaintiffs' I-140," and, therefore, it erred in later denying their I-485 petition for lack of a valid I-140. Pl.'s Opp. at 17. But an opposition is not the operative document in a lawsuit. And even if one reads the complaint to recite in conclusory terms that section 706(2)(a) has been violated in some way, the complaint lacks the factual allegations that would enable the Court to assess whether that has been plausibly alleged. In sum, Claim II is woefully deficient even under the most liberal pleading standards.

Finally, in Claim III, plaintiffs say that defendants owe them "a clear and certain duty to reopen and adjudicate" their I-140 petition because Charaniya satisfies the "requirements in the Labor Certification Application," and that they "failed to perform their duties in determining that [Charaniya] did in fact properly meet the requirements." Compl. ¶¶ 23, 24. Here, plaintiffs fail to articulate the legal basis for their claim or to identify the statutory source for the alleged clear duty. Without that fundamental information, Claim III fails to state a claim.

## CONCLUSION

For the foregoing reasons, defendants' motion to transfer is denied and their motion to dismiss is granted. The Court will dismiss the complaint without prejudice.

AMY BERMAN JACKSON
United States District Judge

DATE: April 8, 2020